**Harry Don PHELPS and Melba Phelps, Plaintiffs-Appellants,**

v.

**Danny Ray PARKER, Defendant-Respondent.**

**No. 10334.**

Missouri Court of Appeals, Springfield District.

June 27, 1978.

Motion for Rehearing or to Transfer Denied July 14, 1978.

Elroy Thomas, Michael D. Talley, Thomas & Talley, Joplin, for plaintiffs-appellants.

Karl W. Blanchard, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendant-respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

BILLINGS, Chief Judge.

A jury found against plaintiffs (husband and wife) on their petition for damages and against defendant on his counterclaim for damages. Plaintiffs have appealed, assigning error in an instruction given at the request of defendant. We affirm.

Plaintiff Harry Phelps was the driver of a vehicle which was involved in a collision with an automobile driven by defendant. The collision occurred in Jasper County, Missouri, at the intersection of Duquesne Road, running north-south, and 32nd Street, an east-west road. Duquesne, from the north, forms a trident intersection at 32nd Street, with a stop sign located just off the west edge of Duquesne Road about 100 feet north of 32nd Street, at the point of trifurcation.

Phelps was traveling south on Duquesne at 35 to 40 miles per hour. Approaching the stop sign at the intersection with 32nd Street, he saw the top of defendant's car coming from the west on the access road off 32nd Street. Defendant was making a left turn onto Duquesne. Realizing an imminent collision, plaintiff made an emergency application of his brakes. Plaintiff testified that he skidded after applying his brakes but stopped at the stop sign. The ensuing collision damaged the left front of plaintiffs' van, while defendant's vehicle was damaged at the left rear door.

The testimony of the investigating officer, controverted by plaintiff, placed the site of the collision 4½ feet beyond the stop

sign. The officer said plaintiff left skid marks 40 feet long and that the marks indicated plaintiff was on the wrong side of the road, to the left of the center of Duquesne Road. He further testified that, defendant in using the west access road to make a left turn, made an improper turn.

Plaintiffs submitted their case on the negligence of defendant by driving in the wrong lane and making an improper left turn. Defendant presented his affirmative defense of plaintiff's contributory negligence for failing to stop at the stop sign and driving on the wrong side of the road.

In this appeal, plaintiffs claim the court erred in giving Instruction No. 4 to the jury. That instruction, offered by defendant as a modification of MAI, reads as follows:

> "Your verdict must be for defendant on the claims of Harry Don Phelps and Melba Phelps for damages, whether or not defendant was negligent, if you believe:
>
> "First, plaintiff Harry Don Phelps either: *failed to stop* at the stop sign, or plaintiff's automobile was on the wrong side of the road at the time of the collision; and
>
> "Second, plaintiff Harry Don Phelps was thereby negligent; and
>
> "Third, such negligence of plaintiff Harry Don Phelps directly caused or directly contributed to cause any damages the plaintiffs may have sustained." (Emphasis added).

Plaintiffs argue that the italicized portion of the instruction, which was substituted for "violated", deviated substantially from MAI and submitted evidentiary facts rather than the ultimate issue.

Instructions to the jury are governed by Rule 70.02, and ". . . giving of an instruction in violation of the provisions of this Rule shall constitute error . . . ." Rule 70.02(c). A change made to an applicable instruction is presumed to be prejudicial error. *Brittain v. Clark*, 462 S.W.2d 153 (Mo.App. 1970). Modifications of MAI, however, are permitted in order to "fairly submit the issues in a particular case . . . ." and ". . . shall be simple, brief, impartial, free from argument, and shall not submit . . . or require findings of detailed evidentiary facts." Rule 70.02(e). Under this Rule, conceded or undisputed facts may not be included in a modified MAI. *Brittain v. Clark*, supra.

Plaintiffs, citing § 304.351(4)(1)(a) V.A.M.S., contend that the failure to stop at a stop sign is only one of several evidentiary facts necessary to determine if plaintiff Harry Phelps violated the stop sign. The other factors, asserted by plaintiffs, are not applicable to this case, since the absence of a stop line or crosswalk was undisputed and plaintiff testified he saw defendant's car approaching on the access road before he reached the stop sign and he stopped at the stop sign. Instruction No. 4 merely defines the term "violated" and removes the inapplicable factors from consideration. It clearly and fairly submits the issue of the case and does not erroneously modify MAI 17.01.

The judgment is affirmed.

All concur.